**JUDGE BRICCETTI**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Robert Zani,

        Plaintiff,

v.

First Premier Bank; and DOES 1-10, inclusive,

        Defendants.

---

Civil Action No.: **14 CV 3047**

**COMPLAINT**

*[U.S. District Court Filed Stamp: APR 29 2014, S.D. OF N.Y.]*

For this Complaint, the Plaintiff, Robert Zani, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Zani ("Plaintiff"), is an adult individual residing in Highland Falls, New York, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, First Premier Bank ("First Premier Bank"), is a South Dakota business entity with an address of 601 S. Minnesota Avenue, Siox Falls, South Dakota 57104-4824, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by First Premier Bank and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be

joined as parties once their identities are disclosed through discovery.

7.   First Premier Bank at all times acted by and through one or more of the Agents.

## FACTS

8.   In or around January 2014, First Premier Bank called Plaintiff's cellular telephone, number 917-XXX-8260.

9.   At all times mentioned herein, First Premier Bank placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.  When Plaintiff answered calls from First Premier Bank he heard a recording instructing him to wait for the next available representative.

11.  First Premier Bank originally had consent to call Plaintiff's cellular telephone, however it no longer had consent to call after Plaintiff repeatedly requested that First Premier Bank stop calling.

12.  Nonetheless, First Premier Bank continued to call Plaintiff's cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.  At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15.  In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a recording before Defendant's telephone system would connect him to the next available representative.

17. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Despite Plaintiff directing Defendant to cease all calls to his cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is

3

entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 24, 2014

Respectfully submitted,

By: _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff